IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEELA K. O'DONNELL,

    Plaintiff,

  v.                                             Civil Action 2:14-cv-1071
                                                   Judge George C. Smith
                                                   Magistrate Judge Jolson

FINANCIAL AMERICAN LIFE
INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Documents Under Seal. (Doc. 95). Specifically, Plaintiff seeks to file an unredacted Motion for Partial Summary Judgment, an unredacted Memorandum in Support, and an exhibit in support for Partial Summary Judgment under seal. (*Id.* at 1). The deadline for Defendant to file a Response in Opposition has passed; therefore the Motion is treated as unopposed. However, for the reasons that follow, that Motion is **DENIED without prejudice**.

### I.     STANDARD

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party owns a "heavy" burden of overcoming a "'strong

presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

## II. DISCUSSION

The Sixth Circuit's recent decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* provides guidance for Plaintiff's Motion for Leave to File Documents Under Seal. There, "[n]umerous court filings," including Plaintiffs' amended complaint, the motion for class certification, and 194 exhibits, were filed under seal. *Graiser v. Visionworks of Am., Inc.*, No. 1:15-CV-2306, 2016 WL 3597718, at *1 (N.D. Ohio July 5, 2016). The sole justification was that the filings "contained materials designated as confidential under [a joint] protective order." *Id.*; *see Shane*, 825 F.3d 299 at 306. The Sixth Circuit held that such reasoning was "inadequate" to seal the documents at issue because it was "brief" and "perfunctory." *Id.*

Here, Plaintiff seeks leave to file an unredacted Motion for Partial Summary Judgment, an unredacted Memorandum in Support, and an exhibit in support for Partial Summary Judgment under seal. (Doc. 95). In support of the Motion, Plaintiff states that "[t]he document Plaintiff moves to file under seal, referenced in the Motion and the Memorandum, was produced to Plaintiff in this case with a 'Confidential' designation pursuant to the terms of the Stipulated Protective Order and Confidentiality Agreement." (*Id.* at 1). As was the case in *Shane*, this explanation is similarly "brief" and "perfunctory," and thus does not meet the heavy burden to

justify sealing an entire set of documents at the adjudication stage. *Shane*, 825 F.3d at 306. The *Shane* Court also emphasized that, "[i]n delineating the injury to be prevented, specificity is essential." *Id.* at 307-08 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). Plaintiff's explanation, based only on the general assertion that the documents were designated "Confidential" pursuant to a protective order, does not "demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Id.* at 308; *see Blasi v. United Debt Servs., LLC*, No. 2:14-CV-83, 2016 WL 3765539, at *1 (S.D. Ohio July 14, 2016) (applying *Shane* to reach a similar conclusion); *Graiser*, 2016 WL 3597718, at *2 (N.D. Ohio July 5, 2016) (same).

Plaintiff's Motion for Leave to File Documents Under Seal (Doc. 95) is therefore **DENIED without prejudice to re-filing**. The redacted version of Plaintiff's Motion for Partial Summary Judgment (Doc. 96), as well as the redacted Memorandum in Support (Doc. 96-1) and exhibit in support for Partial Summary Judgment (Doc. 96-3) shall remain on the docket for fourteen (14) days from the date of this Order, during which time Plaintiff may re-file a more detailed and narrowly-tailored motion to seal. *See Blasi*, 2016 WL 3765539, at *1 (noting that a proper motion to seal must "demonstrate[] a compelling reason for filing under seal, . . . must be narrowly tailored to serve that reason," and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations").

IT IS SO ORDERED.

Date: February 16, 2017          /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE